UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JASON WILLIAM GRAVES,  )<br>  )<br>  )<br>   Defendant.  )<br>  )<br>  ) | Criminal Action No. 6:19-CR-049-CHB<br><br>**ORDER ADOPTING<br>RECOMMENDED DISPOSITION ON<br>COMPETENCY** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram [R. 50]. The Recommended Disposition addresses whether Defendant Jason William Graves is competent to proceed to trial pursuant to 18 U.S.C. § 4241 and 4247(d).

    After reviewing the competency evaluation by Dr. Justin Rigsbee, Psy.D., Ph.D. [R. 36] and conducting a hearing, Magistrate Judge Ingram concluded, in accordance with the competency evaluation, that there is "no evidence which tends to show that Defendant is not competent." [R. 50 at p. 5]. The Government and the defendant both stipulated to the admission of the report and also to the findings contained therein. *Id.* at p. 2. The Magistrate Judge recommended that the undersigned find the defendant is competent to face further proceedings, including trial, in this matter. *Id.* at p. 5.

    Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal

conclusions, under a *de novo* or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Judge Ingram's Recommended Disposition advised the parties that any objections must be filed by June 11, 2020. [R. 50 at p. 5] The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. *See Id.* at p. 5; Fed. R. Crim P. 59(b). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 50**] is **ADOPTED** as the opinion of this Court.

2. The Court **FINDS** that Defendant Jason William Graves is competent to face further proceedings in this matter.

3. The time between **January 14, 2020** (the date of Defendant's oral motion to continue the sentencing and to have the Defendant sent for a psychiatric evaluation) and **June 15, 2020 (**the date of this Order finding Defendant mentally competent) is **DECLARED** excludable pursuant to 18 U.S.C. § 3161(h)(1)(A); (h)(1)(D); (h)(1)(H). The Court **FINDS** that the period of delay results from a proceeding or examination to determine the mental competency of a defendant and is therefore excludable pursuant to 18 U.S.C. § 3161(h)(1)(A);

(h)(1)(D); (h)(1)(H).  In addition, while the Court's Order granting Defendant's oral motion on January 14, 2020, terminated the Defendant's motion for a competency and sanity exam as an administrative matter, the substantive request for relief (for an examination to determine competency) remained pending for Speedy Trial Act purposes through the date of the Court's determination that the Defendant was not competent to stand trial; thus, this delay also resulted from a pretrial motion concerning the Defendant and is therefore excludable pursuant to 18 U.S.C. § 3161(h)(1)(D).

Additionally, and upon the Court's own motion, the time between **June 15, 2020** (the date of this Order finding Defendant mentally competent) and **June 25, 2020** (the date of the scheduled telephonic status conference in this matter) is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161 (h)(7)(A); (h)(7)(B)(i).  The Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).  Specifically, failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, due to the need for time for  Defense counsel to prepare for trial with Defendant's assistance. 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(i).

This the 15th day of June, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY